No. 21-2913

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

CATRINA BRAGG

                        Plaintiff-Appellant,

v.

MUNSTER MEDICAL RES. FDN., D/B/A COMMUNITY HOSPITAL

                        Defendant-Appellee.

---

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division, No. 2:19-cv-00209
(James T. Moody, J.)

---

## PLAINTIFF-APPELLANT'S BRIEF AND REQUIRED SHORT APPENDIX

---

LISA M. STAUFF, ESQ.
LAW OFFICES OF LISA M. STAUFF
53 West Jackson Blvd.
Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com
*Counsel of Record for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

ARGUMENT ........................................................................................................................ 4

 I. Ms. Bragg complained of and reported racial discrimination before her first biweekly evaluation. ........................................................................................................ 4

 II. Ms. Bragg proffered admissible evidence disputing the progress meeting reports nearly in their entirety. ................................................................................................... 6

 III. Community Hospital's characterization of Ms. Bragg's transfer to Hartsfield Village as an "accommodation" is unsupported, is nonsensical in a race discrimination case, and, is an admission that Ms. Bragg successfully completed her orientation at Community Hospital. ........................................................................... 8

 IV. Community Hospital's attempt to discredit Ms. Bragg's Affidavit, Interrogatory Responses is without citation to the evidence, and Community Hospital's Statement of the Case does not square with the evidence. ................................................................. 9

CONCLUSION ................................................................................................................... 11

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), ................................. 12

FRAP RULE 32(g) and CR 32(c) ...................................................................................... 12

PROOF OF SERVICE ....................................................................................................... 13

# TABLE OF AUTHORITIES

*Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011) ................................ 4

*Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992). ................................ 6

*Hanners v. Trent*, 674 F.3d 683, 694 (7th Cir. 2012) ................................................................ 6

*Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012) .......................................................... 4

*Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011) ............................................... 4

*Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) .................................................................. 8

*Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir. 1990) .......................................................... 9

*United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ...................................................... 8

# ARGUMENT

Defendant-Appellant's response brief does not disturb the considerable evidence in the record from which a reasonable jury could conclude Community Hospital engaged in employment practices which violate Title VII of the Civil Rights Act of 1964, as amended.

## I. Ms. Bragg complained of and reported racial discrimination before her first biweekly evaluation.

Community Hospital falsely contends that Ms. Bragg did not report racial discrimination or harassment until after her transfer to Hartsfield Village. The evidence is clear: Ms. Bragg *did* complain about racial discrimination in very specific terms after preceptor Erin Wysocki removed a white patient from Ms. Bragg's care, during the first few days Ms. Bragg began working on the patient floor.

First, Ms. Bragg complained directly to preceptor Erin Wysocki when Ms. Wysocki removed the white patient from Ms. Bragg, and Ms. Bragg explicitly mentioned race as the basis for her complaint. (Pl. Statement of Gen. Disputes, Dkt. 43, ¶¶5-7). Second, Ms. Bragg met with Dan Heredia, RN Educator, on or about September 30, 2018, to report this incident, and to report Ms. Wysocki's angry outburst at Ms. Bragg in front of patients, the following day. (Pl. SGD ¶12; Pl. Resp. to Def. Interrog., Interrog. No. 7(a), attached as Exhibit 16 to Def. Statement of Facts, at Dkt. 36-3, pp. 64-65). Third, Ms. Bragg discussed this incident and its concerning racially discriminatory aspects with Samantha Kranz a day or so later. Ms. Kranz excused Ms. Wysocki's

actions as stress from Ms. Wysocki's upcoming wedding. (Pl. Resp. to Interrog., Interrog. 7(b), at Dkt. 36-3, p. 65). In total, these three complaints while not in writing, constituted protected activity under Title VII. *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011).

Moreover, for the purposes of Ms. Bragg's retaliation claim, a reasonable jury could conclude that because these complaints were made before the first evaluation was drafted, Ms. Bragg was never fairly evaluated. (Appellant Brief, pp. 9 (references October 1, 2018 as date of "the first progress meeting.") The negative evaluations coupled with Ms. Bragg's ongoing disapproval of racially derogatory comments and behaviors, could lead a reasonable jury to conclude the evaluations were poisoned by retaliatory animus, and represented a concerted effort by the preceptors to ensure Ms. Bragg's employment did not survive the orientation period. None of these evaluations were drafted more than fourteen days after any of the incidents described by Ms. Bragg under oath in her deposition or in discovery responses. The temporal proximity of Ms. Bragg's first review and Ms. Bragg's meeting with Mr. Heredia, and the temporal proximity of the remaining evaluations to other racially derogatory incidents, creates an inference that Ms. Bragg's negative evaluations and her ultimate termination from Community Hospital were for unlawful reasons. See, *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011). The one day that elapsed between Ms. Bragg's meeting with Mr. Heredia to report Ms. Wysocki's race-matched patient assignments, and Ms. Bragg's first low-scoring progress report creates an inference on retaliatory causation

based upon suspicious timing alone. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012).

**II.   Ms. Bragg proffered admissible evidence disputing the progress meeting reports nearly in their entirety.**

Community Hospital contends Ms. Bragg disputes "only a few events in her progress meeting reports." (Appellee's Brief, pp. 21-22). This grossly misrepresents the evidence. Ms. Bragg disputed—in their entirety—three of the six progress meeting reports in her deposition, and disputed salient details of remaining progress reports, upon questioning of Defendant's counsel. For example, as to the evaluations dated November 1, 2018, November 15, 2018, and November 26, 2018, (attached as Exhibits 11, 13, and 14 to Def. Statement of Material Facts, at Dkt. 36-3, pp. 37, 41, 44), Ms. Bragg testified she had demonstrated competency in all alleged deficiencies listed in these evaluations, at the time of the evaluation. (Deposition of Catrina Bragg, attached as Exhibit 2 to Def. SMF, at Dkt. 36-2, 41:9-43:15, 48: 4-24, 49:15-50:8).

For the evaluations dated October 1, 2018, October 22, 2018, and November 9, 2018, Defendant asked specific questions about the evaluation, which Ms. Bragg answered accordingly. Ms. Bragg's testimony was detailed, and explained the medical underpinnings of her knowledge, and/or her personal knowledge of the underlying facts surrounding the evaluation, as she observed them at the time of the evaluation. (Bragg Dep., Dkt. 36-2, 38:21-40:11, 43: 23-45:16). Because "the question is not whether the ratings were *right* but whether the employer's description of its reasons is *honest*," Ms. Bragg highlighted the Torodol incident in her opening brief, to give one example,

5

because it is evidence that Ms. Bragg's preceptors put information in the progress meeting reports they knew at the time was false. *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992). A reasonable jury could find Ms. Bragg's explanations credible, and that Community Hospital manufactured falsehoods in these evaluations.

A reasonable jury's potential to believe the evaluations are a sham is further supported by the fact that beginning November 1, 2018, through termination, Community Hospital stopped showing its written evaluations to Ms. Bragg. (Pl. Statement of Gen. Disp., Dkt. 43, ¶¶42-43). Evaluations prior to November 1st had been provided to Ms. Bragg to review and sign, but in the six weeks leading up to termination Ms. Bragg was not allowed to see any written evaluations of her job performance. (Id.) "Significant, unexplained or systematic deviations from established policies or practices can no doubt be relative and probative circumstantial evidence of discriminatory intent." *Hanners v. Trent*, 674 F.3d 683, 694 (7th Cir. 2012). Given the stated purpose of the progress meeting reports is to help Ms. Bragg improve, and the established practice of having Ms. Bragg review and sign the forms prior to November 1, 2018, a reasonable jury is likely to find it suspicious that these documents first came to light in litigation.

### III. Community Hospital's characterization of Ms. Bragg's transfer to Hartsfield Village as an "accommodation" is unsupported, nonsensical in a race discrimination case, and, is an admission that Ms. Bragg successfully completed her orientation at Community Hospital.

Community Hospital inexplicably characterizes its transfer of Ms. Bragg to Hartsfield Village as an "accommodation" of someone who "fail[ed] to successfully complete orientation." (Appellee's Brief, Doc. 23, p. 22). First, the term "accommodation" comes from Americans with Disabilities Act body of law, and as such has no role in this race discrimination case. Second, Community Hospital leaves undisturbed Ms. Bragg's sworn testimony that she performed the same medical tasks and procedures, for triple the number of hospitalized patients, upon transfer to Hartsfield Village. Ms. Bragg did not present the court with mere generalizations about the Community Hospital and Hartsfield Village positions, instead Ms. Bragg averred details in a sworn affidavit, based upon personal knowledge of performing these highly skilled medical care tasks for seriously ill patients at both Community Hospital and Hartsfield Village. (Declaration of Catrina Bragg., Ex. 1 to Pl. Response to Def. Motion for Summary Judgment, Dkt. 43-1, ¶¶ 75-80). Community Hospital did not refute the list provided by Ms. Bragg in response to Community Hospital's motion for summary judgment, which it had ample opportunity to do. Community Hospital provided no evidence that Hartsfield Village required less of its RNs than Community Hospital.

Neither does Community Hospital contest Ms. Bragg's deposition testimony regarding her termination meeting. In the termination meeting, Community Hospital admitted Ms. Bragg would "pretty much be doing the same thing as [she does] here" at

Hartsfield Village. (Pl. SGD, Dkt. 43, ¶36). Admissible evidence shows Ms. Bragg did exactly that, and was so proficient upon reaching Hartsfield Village that Hartsfield Village terminated Ms. Bragg's orientation period after just two weeks. (Bragg Dep., Dkt. 36-2, 65: 16-20). A reasonable jury could take this evidence as an admission that Ms. Bragg was, in fact, performing satisfactorily, because it is a reasonable inference that Community Hospital would not place an incompetent RN at one of its medical facilities. If, in fact, Hartsfield Village does not require its RNs to have the same skillset as Community Hospital RNs, and if the position is truly different and/or less demanding than Community Hospital, it was Community Hospital's job to put that evidence into the record. They did not. The only evidence in the record about the transfer comes from Ms. Bragg's testimony of her personal knowledge and experience of performing the job duties at each facility. Ms. Bragg's personal knowledge of her lived experience performing the duties of the two jobs is admissible evidence that supports the denial of summary judgment for Community Hospital. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003).

    **IV.**   **Community Hospital's attempt to discredit Ms. Bragg's Affidavit, Interrogatory Responses is without citation to the evidence, and Community Hospital's Statement of the Case does not square with the evidence.**

Community Hospital's response brief begins with the bald assertion that Ms. Bragg's affidavit in support of her summary judgment response is a "sham affidavit." Community Hospital makes this claim and then cites the entirety of Ms. Bragg's affidavit, interrogatory responses, and *deposition transcript* in support. There are no

8

specific examples cited, no page numbers to review. "Judges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Neither are plaintiffs. This section of Appellee's Brief should be disregarded.

A review of Community Hospital's Statement of Facts shows a rampant cherry-picking of evidence to support numerous alleged admissions Community Hospital claims Ms. Bragg has made. For example, Community Hospital attempts to refute Ms. Bragg's assertion she was race-matched to patients by claiming Ms. Bragg "admits" patients are assigned by the charge nurse, not the preceptors. (Appellee's Brief, p. 4). A review of the deposition transcript cited shows this is clearly *not* Ms. Bragg's testimony. (Bragg Deposition, Dkt. 36-3, 51:14-52:15). Ms. Bragg says the manager puts a list together and then "a lot of times when we came in to receive our patients, the preceptors walk up and looked at the sheet, and the selected which 4 or 5 patients they wanted to take care of." (Id., 52:3-6).

Community Hospital also contends that none of the racially derogatory incidents Ms. Bragg reported were made on the basis of race, and that Ms. Bragg "admits" this in many instances. (Appellee's Brief, pp. 4 (race-matched patients; Wysocki yelling at Ms. Bragg), 5 (rap music played at the nurses' station; "skinny brown stick" comment), 6 ("let's not have a hanging tonight" comment; mocking Black speech); 7 (preceptor's rough treatment of patients; preceptor trying to get Ms. Bragg fired).

The context for these comments and actions is critical, and to the extent the comments and actions are ambiguous as to retaliatory motive or racial animus, this case cannot be resolved on summary judgment because "the task of disambiguating

9

ambiguous utterances is for trial, not for summary judgment." *Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir. 1990) In the meantime, characterizing Ms. Bragg's testimony as "admitting" none of these incidents implicated racial animus is an impermissible misstatement of the law.

## CONCLUSION

Ms. Bragg provided ample evidence supporting her claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. Community Hospital's response brief misstates much of the evidence, and ignores relevant law. This Court is respectfully urged to reverse the finding of summary judgment because for all reasons stated herein and in Appellant's Brief, a reasonable jury could find in Ms. Bragg's favor.

Respectfully submitted,

Catrina Bragg,
Plaintiff-Appellant


*/s/*    Lisa M. Stauff

Dated: June 13, 2022

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 West Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com
*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7),
FRAP RULE 32(g) and CR 32(c)**

The undersigned, counsel of record for the Plaintiff-Appellant, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with Book Antiqua 12-point font. The length of this brief is 2204 words.

Dated: June 13, 2022

*/s/ Lisa M. Stauff*
Counsel of Record for Plaintiff-Appellant

**PROOF OF SERVICE**

The undersigned, counsel of record for the Plaintiff-Appellant, hereby certifies that on June 13, 2022, I electronically filed the foregoing Reply Brief of Plaintiff-Appellant, Catrina Bragg, with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF System.

Dated: June 13, 2022

>                          */s/ Lisa M. Stauff*
>                          Counsel of Record for Plaintiff-Appellant